# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| David Farrell Sullivan, | Civil Action No. 6:18-1425-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Henry D. McMaster, Harold W. Gowdy, III, Hope Blackley, J. Durham Cole, State of South Carolina, and Barry Barnette, | |
| Defendants. | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 12) recommending that Plaintiff's Complaint (Dkt. No. 1) be dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court, and dismisses the Complaint without prejudice.

## I. Background

Plaintiff David Farrell Sullivan alleges that Defendants, all state and county officials, violated his civil rights under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that defendants denied him a "fundamental fair trial," that his counsel was "ineffective," and that he was deprived a "timely held P.C.R. [post-conviction relief] hearing." (Dkt. No. 1-2 at 16.) Plaintiff is no longer in custody. Plaintiffs seeks a new trial or, alternatively, asks the court to overturn his "unlawful conviction." (Dkt. No. 1-2 at 7.) The Magistrate Judge recommended that both the Plaintiff's claims regarding his trial and post-conviction relief be dismissed without prejudice. (Dkt. No. 12.) Plaintiff filed timely objections. (Dkt. No. 15.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff filed Objections to the R & R, and therefore his complaint is reviewed *de novo*.

## III. Discussion

### A. Unlawful Conviction

The Court agrees that these claims are barred by the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364 (1994). *See also Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242 (2005). The Fourth Circuit articulated a two part test for when the rule applies:

> First, "a judgment in favor of the plaintiff [must] necessarily imply the invalidity of [a plaintiff's] conviction or sentence." Second, the claim must be brought by a claimant who is either (i) currently in custody or (ii) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody.

*Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citations omitted).

Plaintiff's claims necessarily imply the invalidity of his sentence. Plaintiff makes this fact clear by asserting that the relief he seeks is overturning his "unlawful conviction." (Dkt. No. 1-2

at 7.) Further, Plaintiff could have sought habeas relief while in custody, as demonstrated by three prior § 1983 actions filed in this Court, at least two of which were filed while he was in custody.[1]

In his objections, Plaintiff presents a new allegation that the Defendants withheld "exculpatory information from judicial review." (Dkt. No. 15 at 3.) This is a new ground for a relief, and the Fourth Circuit has explained that a district court does not have a duty to review newly raised issues in objections to a R & R. *See Samples v. Ballard*, 860 F.3d 266, 275 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 979, 200 L. Ed. 2d 260 (2018) (holding that for "new 'issues' and not new 'arguments'…there [is] no obligation for the district court to hear either of the new claims …in [the] objections to the PF&R."). Furthermore, this claim similarly implies the invalidity of his conviction, prohibiting its review under *Heck*. *See Heck v. Humphrey*, 512 U.S. at 479 (barring review of § 1983 claim regarding police knowingly destroying exculpatory evidence). Finally, even if Plaintiff's claim was not barred by *Heck*, his argument would fail as he has not alleged any facts to make the claim "plausible," instead merely making a single conclusory allegation that the defendant "withh[eld] exculpatory evidence." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 1965 (2007).

### B. Post-Conviction Relief

To the extent the Plaintiff seeks leave to file a new claim for post-conviction relief, Plaintiff's claims regarding post-conviction relief are barred by South Carolina's one year statute of limitations for post-conviction relief. *See* S.C. Code Ann. § 17-27-45.

Plaintiff, in his objections, raises two new issues: first, he alleges that while he did have a post-conviction relief hearing, he received ineffective assistance of counsel, and; second, the he

---

[1] *Sullivan v. Wells*, No. 7:02-3879-HFF (D.S.C.), *aff'd*, 120 F. App'x 502 (4th Cir. 2005); *Sullivan v. Cnty. of Spartanburg*, No. 6:05-1282-HFF, 2005 WL 5807359 (D.S.C. 2005), *aff'd*, 225 F. App'x 121 (4th Cir. 2007); *Sullivan v. Wells*, No. 6:09- 2551-RMG, 2010 WL 4156439, *aff'd*, 428 F. App'x 240 (4th Cir. 2011).

does not have access to his post-conviction relief records since the state misplaced the records. Importantly, "there is no federal right to counsel in state post-conviction relief proceedings." *Jones v. Cty. of Nottoway*, 27 F.3d 563 (4th Cir. 1994). Furthermore, Plaintiff has not, and cannot, bring claims against his post-conviction relief counsel as he is not a state actor for purposes of § 1983.

To the extent his § 1983 claim is based on South Carolina allegedly "misplac[ing]" or "[m]issing" the records of his hearing, negligent misplacement of records is not actionable under § 1983. *See Perry v. SCDC*, No. CA 4:12-1001-TLW-TER, 2012 WL 3626696, at *3 (D.S.C. May 8, 2012), *report and recommendation adopted*, No. 4:12-CV-1001-TLW-TER, 2012 WL 3613979 (D.S.C. Aug. 21, 2012), *aff'd*, 501 F. App'x 222 (4th Cir. 2012) ("the negligent misplacement of Plaintiff's application for post-conviction relief is not actionable under 42 U.S.C. § 1983.") *citing Daniels v. Williams*, 474 U.S. 327, 328–36 & n. 3 (1986). Finally, while Plaintiff claims he does not have access to information regarding his post-conviction relief hearing, a review of public records reveals they are readily available. *See David Farrell Sullivan v. State of South Carolina*, 2006CP4200496 (2006).[2]

### IV. Conclusion

For the foregoing reasons, the R & R (Dkt. No. 12) is **ADOPTED** as the order of the Court and Plaintiff's complaint (Dkt. No. 1) is **DENIED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 6, 2018
Charleston, South Carolina

---

[2] https://publicindex.sccourts.org/Spartanburg/PublicIndex/CaseDetails.aspx?County=42&CourtAgency=42002&Casenum=2006CP4200496&CaseType=V&HKey=10610551661047685681216512252855273495111172731141161145510410477489948121781136910311511110499118103 8773.